## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 23 2018, 9:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven R. Burton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 23, 2018

Court of Appeals Case No.
03A05-1707-CR-1591

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1612-F6-6829 & 03D01-
1311-FD-5985

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Steven R. Burton (Burton), appeals the sentence imposed by the trial court in two separate causes.

We affirm.

# ISSUES

Burton presents us with two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion by failing to identify Burton's guilty plea and admission to a probation violation as significant mitigating factors in its sentencing decision; and

(2) Whether the trial court abused its discretion by revoking Burton's probation and ordering him to serve the remainder of his previously suspended sentence in the Department of Correction.

# FACTS AND PROCEDURAL HISTORY

On November 7, 2013, the State filed an Information, charging Burton with resisting law enforcement, as a Class D felony; invasion of privacy, as a Class D felony; and criminal recklessness, as a Class A misdemeanor, in Cause number 03D01-1311-FD-5985 (FD-5985). Pursuant to a plea agreement, Burton pled guilty to resisting law enforcement, as a Class D felony; and invasion of privacy, as a Class D felony, in exchange for the State's dismissal of the other charge. After accepting the plea agreement, the trial court sentenced Burton to consecutive terms of 2.5 years on each Count to be served in community

corrections, with two years of each sentence suspended. On December 14, 2015, the State filed a petition to revoke Burton's probation, and after Burton admitted to the allegations in the State's petition, the trial court ordered him to return to supervised probation. On June 2, 2016, the State filed a second petition to revoke Burton's probation for failing to attend two appointments with his probation officer and for failing to comply with counseling recommended by probation.

[5] On December 19, 2016, Officer Frank Dickman of the Columbus Police Department (Officer Dickman) observed a black Chevrolet Cavalier, driven by Burton, drive aggressively on Saddle Drive, in Columbus, Indiana. After noticing Burton make a right turn without using his turn signal, Officer Dickman attempted to initiate a traffic stop and activated his emergency lights. However, Burton refused to stop and instead tried to avoid capture by driving through a church parking lot. Officer Dickman pursued Burton, who weaved in and out of traffic. At a certain point during the pursuit, Burton started driving on the wrong side of the road. In an attempt to cross back to the correct side of the road, Burton drove over a raised median, causing his car to lose its right front tire. The vehicle eventually came to a stop and Burton fled on foot. Police officers detained Burton.

[6] On December 20, 2016, the State filed an Information, charging Burton with resisting law enforcement, as a Level 6 felony; resisting law enforcement, as a Class A misdemeanor; driving while suspended, as a Class A misdemeanor; and criminal recklessness, as a Class B misdemeanor, under Cause number

03D01-1612-F6-6829 (F6-6829). As a result of these charges, the State amended its second petition for revocation of Burton's probation in FD-5985 to include these new charges as a possible ground for revocation.

[7] On May 22, 2017, Burton entered into a plea agreement with the State in F6-6829, in which he agreed to plead guilty to resisting law enforcement, as a Level 6 felony, as well as to admit to the allegations of the State's second amended petition to revoke probation in FD-5985. In exchange, the State would dismiss the remaining Counts in F6-6829 and agreed that the total sentence in F6-6829 should not exceed one year.

[8] On June 14, 2017, the trial court conducted a sentencing hearing in both Cause numbers. During the hearing, Burton testified that he does not do well on "general probation" and prefers to be in a program with "some kind of structure." (Transcript p. 13). Burton's probation officer confirmed that Burton does "well for a while," but "then he just kind of disappears." (Tr. p. 17). Therefore, the probation officer recommended terminating Burton's probation in FD-5985. In sentencing Burton in F6-6829, the trial court found his "history of criminal delinquent behavior, including five convictions for resisting in a vehicle," as a "significant, significant aggravator in this case." (Tr. p. 21). As a second aggravator, the trial court noted that Burton "has been placed on [p]robation multiple times in the past and has had multiple [p]etitions to [r]evoke [p]robation." (Tr. p. 21). "He's had an opportunity for treatment outside the penal facility, nothing has been successful." (Tr. p. 21). Turning to mitigating factors, the trial court noted that Burton "has made efforts to

improve himself by participating in programs while he has been incarcerated." (Tr. p. 21). Burton was subsequently sentenced to 352 days in the Bartholomew County Jail for F6-6829. With regard to Burton's probation revocation in FD-5985, the trial court observed:

> I am looking through all of these in your criminal history, all of these probation, I just can't see, I don't even see one here that you have been on [p]robation where you haven't had a [p]etition to [r]evoke, at least one filed. So the State argues, the State's statement that this is your second chance on this case, [] but all of these other cases, you've had chance after chance and you just keep violating. So the [c]ourt is going to accept the Probation Department's recommendation and order that [Burton] execute the balance of his sentence in the Indiana Department of Correction.

(Tr. p. 21).

Burton now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

### I. *Finding of Mitigators in F6-6829*

Burton contends that the trial court abused its discretion by failing to find certain mitigators in F6-6829. Specifically, Burton posits that his guilty plea and his admission to the probation violation in FD-5985 should have been considered when calculating his sentence. Sentencing decisions are a matter of trial court discretion and are reviewed on appeal only for an abuse of that discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490, *clarified on reh'g*, 875 N.E.2d

218 (Ind. 2007). A trial court abuses its discretion if its decision "is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). A trial court "may impose any sentence within the statutory range without regard to the existence of aggravating or mitigating factors." *Id.* at 489. If the trial court "'finds' the existence of 'aggravating circumstances or mitigating circumstances' then the trial court is required to give 'a statement of the court's reasons for selecting the sentence that it imposes.'" *Id.* at 490 (quoting I.C. § 35-38-1-3(3)).

[11]     On appeal, a trial court may be found to have abused its discretion by failing to enter a sentencing statement at all; entering a sentencing statement that explains its reasons for imposing a sentence where such reasons are not supported by the record or are improper as a matter of law; or entering a sentencing statement that omits reasons which are clearly supported by the record and advanced for consideration. *Id.* at 490-91. A trial court does not abuse its discretion by failing to properly weigh aggravating and mitigating factors. *Id.* at 491. If we find that the trial court has abused its sentencing discretion, our court will remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.*

[12]     In *Anglemyer*, our supreme court clarified on rehearing that "a defendant who pleads guilty deserves 'some' mitigating weight to be given to the plea in return." *Anglemyer*, 875 N.E.2d at 220 (citing *McElroy v. State*, 865 N.E.2d 584,

591 (Ind. 2007)). Nevertheless, the court qualified its statement by noting that its significance as a mitigating factor varies from case to case. *Id.* at 221. As such, when the evidence of guilt is "overwhelming," the plea may be merely pragmatic, thereby diminishing its effect as a mitigating circumstance during sentencing. *Id.*

[13] Here, Burton's guilty plea in F6-6829 and his admission to the probation revocation appear to be nothing but pragmatic as there was overwhelming evidence of his guilt. In F6-6829, Officer Dickman pursued Burton when he refused to stop after the officer initiated a traffic stop. During the pursuit, Burton's vehicle became disabled and Burton continued to flee on foot in an effort to resist apprehension by law enforcement. After entering into a plea agreement in F6-6829, Burton was no longer in any position to dispute the allegations in the second amended petition to revoke probation, which included the charges of F6-6829. Accordingly, his admission became purely pragmatic. Therefore, based on the directives in *Anglemyer*, the trial court could properly decide not to award the guilty plea and admission any mitigating weight.

## II. *Revocation of Probation in FD-5985*

[14] Next, Burton contends that the trial court abused its discretion by ordering him to serve his entire previously suspended sentence following his probation revocation in FD-5985.

[15] Indiana Code section 35-38-2-3(h) sets forth a trial court's sentencing options if the court finds a probation violation and provides:

If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:

(1) Continue the person on probation, with or without modifying or enlarging the conditions.

(2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

[16] The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id.* "If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[17] The record reveals that Burton has had nineteen petitions to revoke his probation filed against him, which have resulted in his probation being extended seven times and his probation being unsuccessfully terminated three times. This trend continued in FD-5985 as this was also the second petition for

probation revocation in that cause. Moreover, Burton admitted to not doing well on general probation, preferring a more structured environment and Burton's probation officer advised against continuing him on probation. Based on these circumstances, we cannot conclude that the trial court abused its discretion in reinstating Burton's previously suspended sentence.

## CONCLUSION

[18] Based on the foregoing, we affirm the trial court's sentencing decisions in F6-6829 and FD-5985.

[19] Affirmed.

[20] Baker, J. and Brown, J. concur